IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH BELL, #14687, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1933-G |
| | ) | ECF |
| C.L. WILLIAMS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is incarcerated at the Kerrville State Hospital in Kerrville, Texas. Defendants are Dallas Police Lieutenant C.L. Williams, former Dallas Chief of Police Randy Hampton, Chief of Police David M. Kunkle, former Dallas County Sheriff Jim Bowles, and witness/complainant Virginia Bell.

The Court did not issue process pending preliminary screening. On November 15, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on November 28, 2005.

Statement of Case:  On November 31, 2003, Plaintiff was indicted in the 282nd Judicial District Court of Dallas County, Texas, of aggravated assault with a deadly weapon, in Cause No. F03-74395. (Original complaint at 2, and answer to question 1 of the questionnaire). He

concedes the charges are still pending against him and he is incarcerated at the Kerrville State Hospital awaiting a trial. (Answer to question 1).[1]

In his complaint, Plaintiff seeks to challenge his pending indictment for aggravated assault with a deadly weapon. He alleges that Ms. Bell, the complainant, "lied on an official complaint document," and that Lt. Williams failed to investigate the complaint before it was submitted to a grand jury. (Amended complaint at 3 and 4). He further alleges that the former and current Chief of Police, Defendants Hampton and Kunkle, were aware that Lt. Williams had not investigated the case. (Id.). According to Plaintiff, Ms. Bell is an untrustworthy individual who repeatedly engaged in identify theft and cashed Plaintiff's social security checks. With respect to former Sheriff Bowles, Plaintiff alleges that he housed Plaintiff "in [a] cell not conforming to commission on jail standards." (Amended complaint at 3). Plaintiff requests compensatory and punitive damages. (Id. at 4).[2]

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] The Dallas County District Clerk's Office has verified telephonically that Plaintiff was found incompetent to stand trial on February 3, 2005.

[2] It appears that Plaintiff has abandoned his claims against Judge Green in his amended complaint.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Insofar as Plaintiff requests monetary damages against Judge Green for any action taken in her judicial capacity in his pending criminal case, his claims should be summarily dismissed.  Judge Green is absolutely immune from any claim for monetary damages for any action taken in her capacity and function as a judge.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995).

Plaintiff also seeks monetary relief for his imprisonment in a state hospital due to the pending criminal indictment.  In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The Heck Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983."  Id. at 487.

Heck can apply pre-conviction to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir.2001); see

3

also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (noting in passing that Heck prevents the accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges); Hamilton v. Dallas Police Dept., 2005 WL 241192, *2 -3 (N.D. Tex. Jan. 31, 2005) (No. 3:04cv2191-P), findings and recommendation adopted, 2005 WL 549946 (N.D.Tex. Mar 08, 2005); Escamilla v. Dallas Police Dep't, 2001 WL 1338302, *2 (N.D. Tex., Dallas Div. Oct. 18, 2001) (No. 3:01cv1159-G) (adopting findings and recommendation of magistrate judge).[3]

The main focus of Plaintiff's allegations is that he was unlawfully indicted in No. F03-74395 for aggravated assault with a deadly weapon. He asserts the indictment is based on a false complaint that was not investigated and that was submitted by an untrustworthy individual. If proved, such claims would call into question any future conviction for aggravated assault in No. F03-74395. Therefore, this lawsuit implicates the validity of a future conviction in No. F03-74395 and, as such, Plaintiff is precluded from maintaining a cause of action under § 1983. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir.2000) ("[A] claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). The District Court should dismiss the claims relating to Plaintiff's indictment in No. F03-74395 without prejudice as frivolous to them being reasserted when the Heck conditions are met. See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred

---

[3] All circuits that have addressed this issue have concluded that Heck applies to pre-conviction as well as post-conviction cases. See Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000); Shamaeizadeh v. Cunigan, 182 F.3d 391, 397 (6th Cir. 1999); Covington v. City of New York, 171 F.3d 117, 124 (2nd Cir. 1999).

claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

In addition to challenging the pending indictment, Plaintiff alleges that former Sheriff Bowles detained him in a cell that did not comply with the commission on jail standards. (Amended complaint at 3). The amended complaint fails to provide any details as to Sheriff's Bowles involvement in this alleged constitutional violation.

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff's amended complaint fails to allege facts supporting either of the above standards. Therefore, Plaintiff's claim against former Sheriff Bowles lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants C.L. Williams, Randy Hampton, David Kunkle, and Virginia Bell be dismissed without prejudice as frivolous to them being reasserted after the Heck conditions are met.  28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B).

It is further recommended that Plaintiff's claims against Defendant Green be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

It is also recommended that Plaintiff's claims against former Sheriff Bowles be dismissed with prejudice as frivolous.  See 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B).

A copy of this recommendation will be mailed to Plaintiff.

Signed December 13, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.